[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 15-15493-C

———————————

IN RE: KENDALL STARKS,

Petitioner.

———————————

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

———————————

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges,

PER CURIAM:

Kendall Starks was sentenced under the Armed Career Criminal Act

(ACCA) based in part on his prior Florida conviction for battery on a law

enforcement officer. He has filed a pro se application seeking an order authorizing

the District Court to consider a second or successive 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his federal sentence. We are authorized to issue such

an order only if we certify that the second or successive motion is based on either:

> (1) newly discovered evidence that, if proven and viewed in
> light of the evidence as a whole, would be sufficient to establish by

clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). It is the applicant's duty to "make[] a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

Mr. Starks's motion is based in part on Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). We recently held that Johnson has not been "made retroactive to cases on collateral review by the Supreme Court," which means it cannot be the basis for a second or successive § 2255 motion. 28 U.S.C. § 2255(h)(2). See In re Franks, 15-15456, __ F.3d __ (11th Cir. Jan. 6, 2016). Because the Franks order is published, it binds us here. See In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015) (per curiam) ("[P]ublished three-judge orders issued under § 2244(b) are binding precedent in our circuit.").

Mr. Starks's motion is also based in part on Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010). This 2010 case held that a violation of Florida's simple battery statute is not a violent felony under ACCA because the offense can be committed by mere "touching." See id. at 140–42, 130 S. Ct. at 1271–72. This case merely interpreted the text of ACCA. It did not announce "a new rule of

2

constitutional law." 28 U.S.C. § 2255(h)(2). See In re Blackshire, 98 F.3d 1293, 1294 (11th Cir. 1996) (per curiam) (holding that a Supreme Court case could not serve as the basis of a second or successive § 2255 motion because it "did not express a new rule of constitutional law; rather, it merely interpreted a substantive criminal statute using rules of statutory construction").

For these reasons, we deny Mr. Starks's application.

**APPLICATION DENIED**

MARTIN, J., Circuit Judge, concurring in judgment.

I adhere to the view I stated in my dissent to In re Franks, 15-15456, __ F.3d __ (11th Cir. Jan. 6, 2016), Slip Op. at 11, that Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), announced a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. But our Court has now ruled otherwise in a published (and under our rules, therefore, precedential) opinion. I therefore join the majority in denying the application here.

I believe both Franks and In re Rivero, 797 F.3d 986 (11th Cir. 2015), were wrongly decided. My concerns in this regard are heightened because our denial of these applications is neither appealable nor subject to a petition for a writ of certiorari. See 28 U.S.C. § 2244(b)(3)(E). That's why I believe our Court should either rehear Rivero and Franks or at least certify the underlying question to the Supreme Court under 28 U.S.C. § 1254(2). Certification would give the Supreme Court a vehicle by which it could either review our holding on Johnson's retroactivity or "make" Johnson retroactive in the first instance. This way, the Supreme Court would have an opportunity to answer an important question that has created an intractable circuit split, in a situation where the Court lacks its normal means of stepping in.

4

The need to resolve this issue is pressing. <u>Johnson</u> was decided on June 26, 2015. Inmates therefore have until June 26, 2016, to seek collateral relief based on <u>Johnson</u>. <u>See</u> 28 U.S.C. § 2255(f)(3); <u>Dodd v. United States</u>, 545 U.S. 353, 357, 125 S. Ct. 2478, 2481 (2005). If our Court cannot ensure an informed resolution of this issue within the next six months, I hope the Supreme Court can intervene through some other extraordinary means.